IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| CARLOS ELADIO LLANOS LEON,<br><br>*Petitioner,*<br><br>v.<br><br>PAMELA J. BONDI, *et al,*<br><br><br><br><br>*Respondents* | Civil Action No. 3:25-cv-337<br><br>Richard A. Lanzillo<br>Chief United States Magistrate<br>Judge<br><br>REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS AND EMERGENCY MOTION FOR PRELIMINARY INJUNCTION<br><br>RE: ECF Nos. 1, 16 |

## REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be granted to the extent that it requests that Petitioner receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 and denied to the extent that it seeks other relief.  It is further recommended that Petitioner's Emergency Motion for Preliminary Injunction (ECF No. 16) be denied as moot.

1

## II. REPORT

### A. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Petitioner, Carlos Eladio Llanos Leon ("Petitioner"), is a citizen of the Republic of Ecuador. He entered the United States without inspection and has resided in the United States continuously since approximately January 2, 2023. U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner on August 12, 2025, during a routine check-in at the ICE Philadelphia Field Office. He has remained in detention since that date and is currently detained at the Moshannon Valley Detention Center in Clearfield County, Pennsylvania. Petitioner filed his pending Petition for Writ of Habeas Corpus on October 6, 2025. Respondents filed a Response on December 16, 2025. ECF No. 10. On March 18, 2026, the parties filed a status report confirming that a final order of removal has not been entered as to Petitioner. *See* ECF No. 15, ¶ 2. On April 16, 2026, Petitioner filed an Emergency Motion for Preliminary Injunction seeking immediate action on his Petition. ECF No. 16.

### B. DISCUSSION

This Court has jurisdiction to hear the merits of the instant case under 28 U.S.C. § 2241(c)(3), which allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" *See Bystron v. Hoover*, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing *Demore v. Kim*, 538 U.S. 510 (2003) and *Zadvydas v. Davis*, 533 U.S. 678 (2001)).

Petitioner asserts that he is entitled to a bond hearing because he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention

2

under § 1225(b)(2). Decisions of this Court uniformly support Petitioner's position. *See, e.g., Calzado Diaz v. Noem*, No. 3:25- cv-458, 2025 WL 3628480, at *3-7 (W.D. Pa. Dec. 15, 2025) (Haines, J.), *vacated as moot*, Dkt. No. 22 (Dec. 17, 2025) (explaining that "the general legal conclusions in the Court's opinion ... remain unchanged."); *Nunez Ramos v. Noem*, No. 3:25-CV-00387, 2025 WL 3687335, at *4 (W.D. Pa. Dec. 19, 2025) (Brown, M.J.); *Vasquez Mejia v. Noem*, No. 3:25-CV-00333, 2025 WL 3546427, at *4 (W.D. Pa. Dec. 11, 2025) (Brown, M.J.); *Ico Coc v. Warden Leonard Oddo*, No. 3:25-CV-00381, 2025 WL 3753965 (W.D. Pa. Dec. 29, 2025) (Taylor, M.J.); *Silva Cova v. Rose*, No. 3:26-cv-101 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 9); *Cifuentes Alvarez v. Noem*, 3:26-cv-73 (ECF No. 10) (W.D. Pa., Feb. 26, 2026) (Ranjan, J.); *see also Aguirre-Guevara v. Oddo*, No. 3:26-cv-70 (W.D. Pa.), Feb. 11, 2026, Memo. Order (Stickman, J.; ECF No. 8)

The foregoing cases hold that Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). Consistent with these decisions, it is recommended that the Court hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens, like Petitioner, who are not seeking admission at a port of entry but rather are already present in the country. The Court should reject the interpretation adopted by the Eighth Circuit Court of Appeals in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "§ 1225(b)(2)(A) mandates

3

the detention of unadmitted aliens already present inside the United States") and the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (holding that noncitizen's status as an applicant for admission does not turn on where or how the noncitizen entered the United States).  Because Petitioner's detention is governed by § 1226(a), he has a statutory right to a bond hearing.

C. CONCLUSION

For the foregoing reasons, it is recommended that the Petition for Writ of Habeas Corpus (ECF No. 1) be granted to the extent that it requests that Petitioner receive an individualized bond hearing and denied to the extent that it seeks other relief.[1]   It is further recommended that, upon adoption of the undersigned's recommendation, the Court order that within ten (10) days thereafter, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 and that within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing.  Finally, because

---

[1] To the extent the Petition requests an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the request should be denied.  Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The central issue of this case is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a).  Respondents argued that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States.  Respondents' interpretation of § 1225(a), while incorrect, is substantially justified.  The United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under Section 1225(a), and the only two United States Court of Appeals to consider this issue have ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for years.  *See Avila*, 2026 WL 819258, at *4; *Buenrostro-Mendez*, 166 F.4th 494.  The Court should therefore hold that Petitioner is not entitled to attorneys' fees under the EAJA. *See Alvarez v. Noem*, No. 3:26-CV-73, 2026 WL 545382, at *3 (W.D. Pa. Feb. 26, 2026) (granting habeas petition to extent the petitioner requested a bond hearing but denying the petition to the extent the petitioner requested attorneys' fees and costs under the EAJA); *see also Orellana Rivas v. Oddo, et al*, No. 3:26-cv-00246, ECF No. 14 (W.D. Pa. March 10, 2026) (same).

4

Petitioner's Emergency Motion for Preliminary Injunction (ECF No. 16) largely seeks the same relief as his Petition, it is recommended that it be denied as moot.

III.    NOTICE OF RIGHT TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, any party may file written objections to this Report and Recommendation within fourteen (14) days of service. Any opposing party has fourteen (14) days from service of the objections to respond. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 26th day of May, 2026.


RESPECTFULLY SUBMITTED:


RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

5